## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATARINA VILKMAN<br>1117 4th Street, NE<br>Washington, DC 20002<br><br>                    Plaintiff,<br><br>v.<br><br>V4, INC.<br>11720 Jonas Adolph Land<br>Bumpass, VA 23024<br><br>JENNIFER L. VOELKER<br>2506 DeWitt Avenue<br>Alexandria VA 22301<br><br>          and<br><br>GARY E. VOELKER<br>11720 Jonas Adolph Land<br>Bumpass, VA 23024<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. _____

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. § 1441(b), Defendants, V4, Inc., Jennifer L. Voelker and Gary E. Voelker, hereby petition this Court for removal of Civil Action No. 07-0003313 B, filed against Defendants in the Superior Court for the District of Columbia. As grounds for the removal of this action to the United States District Court for the District of Columbia, Defendants state as follows:

1.      On or about May 11, 2007, Plaintiff, Katarina Vilkman, filed a civil action against Defendants in the Superior Court for the District of Columbia.  Service of

the Complaint was made on Defendants on May 25, 2007.[1]  Copies of the Complaint,

Initial Order, Notice of Removal and Notice of Discovery which constitute all pleadings in

the Superior Court, are attached hereto as Exhibit 1.

      2.     Defendant Jennifer L. Voelker is a citizen of the Commonwealth of

Virginia.

      3.     Defendant Gary E. Voelker is a citizen of the Commonwealth of

Virginia.

      4.     Defendant V4, Inc. is a corporation with its principal place of

business in the Commonwealth of Virginia.

      3.     Plaintiff is a citizen of the District of Columbia.  See Complaint at

¶ 2.

      4.     This Court has original jurisdiction of this action in that the matter

in controversy exceeds the sum or value of $75,000 and that this controversy is between

citizens of different states.  28 U.S.C. § 1332, et seq.

      5.     The Defendants are not citizens of the District of Columbia, the

jurisdiction in which the action was brought and the jurisdiction in which Plaintiff is a

citizen.

      6.     The time within which the Defendants are allowed to file this Notice

of Removal of this action to this Court has not elapsed as required by 28 U.S.C. § 1446(b).

      7.     Defendants, therefore, are entitled to remove this action from the

Superior Court for the District of Columbia, to this Court pursuant to 28 U.S.C. § 1441(b).

---

[1]  Notwithstanding the fact that Plaintiff was informed that the undersigned counsel for Defendants would accept service of the complaint on behalf of Defendants in lieu of formal service, Plaintiff, nonetheless, proceeded to serve defendants by formal service of process.  That service was made on or about May 25, 2007.  The undersigned counsel for Defendants received a copy of the complaint on or about May 16, 2007.

Dated this 29 day of May 2007.

Respectfully submitted,

James P. Ryan
D.C. Bar No. 491259
O'Connor & Hannan, LLP
1666 K Street, N.W.
Suite 500
Washington, D.C. 20006
Phone: (202) 887-1400
Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of May 2007 a copy of the foregoing Notice of

Removal was delivered via First Class Mail and facsimile to the following:

        Benny L. Kass, Esq.
        Theresa L. Lewis, Esq.
        Kass, Mitek & Kass
        1050 Seventeenth Street, NW, Suite 1100
        Washington, DC 20036

James P. Ryan

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **KATARINA VILKMAN** | : |
| | : |
| **Plaintiff** | : |
| | : |
| **v.** | :     **Civil Action No. 2007 CA 003313 B** |
| | :     **Calendar** |
| **V4, INC., et al.** | :     **Judge Thomas J. Motley** |
| | :     **Discovery Closed June 25, 2007** |
| **Defendants.** | : |
| | : |

### CERTIFICATE REGARDING DISCOVERY

I certify that on the 25th day of May, 2007, I served on all counsel hereto copies of the following: 1) First Interrogatories to Defendants; 2) Plaintiff's First Request for Admissions to Defendant; and 3) Plaintiff's request for Production of Documents to Defendant.

Further, I certify that I will retain the originals of these documents in my possession, without alteration, until this proceeding is concluded in the Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

**KASS, MITEK & KASS, PLLC**


/s/ Theresa L. Lewis
Benny L. Kass, #025155
Theresa L. Lewis, #456346
Kass, Mitek & Kass, P.L.L.C.
1050 17th Street, N.W., Suite 1100
Washington, D.C. 20036
(202) 659-6500
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Certificate Regarding Discovery was sent, via first class mail postage prepaid this 25th day of May, 2007, to:

James P. Ryan,  Esq.
O'Connor & Hannan, LLP
1666 K Street, NW
Suite 500
Washington, DC 20036

/s/ Theresa L. Lewis
Theresa L. Lewis

F:\WP_FILES\CLIENTS\07151.100\CRD.wpd

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Civil Division

KATARINA VILKMAN             )
                                )
          Plaintiff,         )      Civil Action No. 07-003313B
                                )      Calendar
         v.                )      Judge Thomas J. Motley
                                )
V4, INC., et al.               )
                                )
          Defendants.     )

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, by notice of removal filed May 30, 2007, Defendants V4, Inc., Gary E. Voelker and Jennifer Voelker, have removed this action filed on May 11, 2007, in the Superior Court for the District of Columbia to the United States District Court for the District of Columbia, pursuant to the provisions of 28 U.S.C. § 1441(b).

Respectfully submitted,


             /s/ James P. Ryan
James P. Ryan
D.C. Bar # 491295
O'Connor & Hannan, LLP
1666 K Street, N.W.
Suite 500
Washington, D.C. 20006
Phone: (202) 887-1400

Attorney for Defendants

CERTIFICATE OF SERVICE

I here by certify that a copy of the foregoing *NOTICE OF REMOVAL* has been sent via first class postage prepaid mail to the following this 30th day of May 2007.

Benny L. Kass
Theresa L. Lewis
Kass, Mitek & Kass, P.L.L.C.
1050 17th Street, N.W.
Suite 1100
Washington, D.C. 20036

_____/s/ James P. Ryan_____
James P. Ryan

149195_1.DOC



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

KATARINA VILKMAN
    Vs.
V4, INC.

C.A. No.    2007 CA 003313 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:  May 11, 2007
Initial Conference: 9:30 am, Friday, August 24, 2007
Location:  Courtroom 112
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| KATARINA VILKMAN | |
|---|---|

*Plaintiff*

0003313-07

vs.

Civil Action No.

| V4, INC., et al. | |
|---|---|

*Defendant*

Serve: V4, Inc.
c/o James P. Ryan, Esq.
O'connor & Hannan
1666 K Street, NW
Washington, DC 20006-2803

**▫ SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Theresa L. Lewis | |
|---|---|
Name of Plaintiff's Attorney

| 1050 17th Street, NW, Suite 1100 | |
|---|---|
Address

| Washington, DC 20036 | |
|---|---|

| 202-659-6500 | |
|---|---|
Telephone

By _____
Deputy Clerk

Date | MAY 1 1 2007 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

|  |  |  |
|---|---|---|
| KATARINA VILKMAN,<br>1117 4TH STREET, NE<br>Washington, D.C., 20002<br><br>        Plaintiff,<br><br>v.<br><br>V4, INC.<br>11720 Jonas Adolph Lane<br>Bumpass, Virginia 23024<br><br>and<br><br>JENNIFER L. VOELKER<br>521 E. Custis Ave.<br>Alexandria, VA 22301-1205<br><br>and<br><br>GARY E. VOELKER<br>11720 Jonas Adolph Lane<br>Bumpass, VA 23024<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 0003313-07<br><br>RECEIVED<br>Civil Clerk's Office<br><br>MAY 1 1 2007<br><br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

## VERIFIED COMPLAINT

Plaintiff, Katarina Vilkman, by and through her attorneys, Benny L. Kass, Esq., Theresa L. Lewis, Esq., and the law firm of Kass, Mitek & Kass, P.L.L.C., files this complaint against the Defendants, V4, Inc., and Jennifer L. Voelker, and states as follows:

## JURISDICTION

1.    This Court has jurisdiction of the claims alleged herein pursuant to D.C. Code §§13-423(a)(1), (2) and (3), and 28-3905(i)(3)(B).

## THE PARTIES

2.      The Plaintiff, Katarina Vilkman, is and at all relevant times has been a resident of the District of Columbia, and a consumer as defined by D.C. Code Ann. §28-3901(a)(2).

3.      To the best of Plaintiff's information and belief, Defendant V4, Inc. (Hereinafter "Defendant V4") has a principal place of business at 11708 Jonas Adolph Lane, Bumpass, VA 23024. At all relevant times it has conducted business in the District of Columbia and is a merchant as defined by D.C. Code Ann. §28-3904(a)(3).

4.      To the best of Plaintiff's information and belief, Defendant Jennifer Voelker is an officer and/or co-owner of Defendant V4.

5.      To the best of Plaintiff's information and belief, Defendant Gary Voelker is an officer and/or co-owner of Defendant V4.

6.      To the best of Plaintiff's information and belief, Defendant Jennifer Voelker is a resident of Virginia. At all relevant times she has conducted business in the District of Columbia and is a merchant as defined by D.C. Code Ann. §28-3904(a)(3).

7.      To the best of Plaintiff's information and belief, Defendant Gary Voelker is a resident of Virginia. At all relevant times he has conducted business in the District of Columbia and is a merchant as defined by D.C. Code Ann. §28-3904(a)(3).

## FACTUAL ALLEGATIONS

8.      On or about September 9, 2006, Plaintiff contracted with Defendant V4, for the purpose of completing a substantial renovation on the Plaintiff's Property at 1117 4th Street, Northeast, Washington, D.C.

9.      The Property is residential property.

10.    The Plaintiff and Defendant V4, entered into a written construction contract agreement (hereinafter the "Contract"). (See Exhibit A , attached hereto and incorporated herein). Defendant V4, contracted to, among other things: renovate the 2nd floor bathroom and surrounding rooms, install insulation, and to remove existing drywall from ceiling and attic debris and perform installation of new agreed upon components.

11.    The terms of the Contract called for Defendants to perform home improvement work.

12.    The total cost of the Contract was Eight-five Thousand, Two Hundred and Sixty-nine Dollars and Zero Cents ($85,269.00) (the "Contract Amount").

13.    The Contract required more than 25% of the Contract Amount to be paid up front as a deposit, with the balance to be paid at intervals governed by the Contract.

14.    On or directly following the September 9, 2006, Contract, Plaintiff delivered to Defendants a check for Twenty-five Thousand Dollars and Zero Cents ($25,000.00) in partial payment of the Contract.

15.    Neither Defendant V4 nor its principals, Defendant Gary Voelker and Defendant Jennifer Voelker, were licensed in the District of Columbia as home improvement contractors or as licensed salespersons employed by a DC licensed contractor at the time the Contract was executed and payments were received.

16.    The Contract required Defendant V4 to commence work on the date of execution of the Contract upon receipt of the initial payment of the Twenty-five Thousand Dollars and Zero Cents ($25,000.00).

17.    Defendant V4 received Seventy-four Thousand Dollars and Zero Cents ($74,000.00) of the Contract Amount in separate progress payments prior to 100% completion of the Contract.

3

## COUNT I
## VIOLATION OF 16 D.C.M.R. 800.1 (UNLICENSED CONTRACTOR)

18.    Plaintiff incorporates paragraphs 1 through 17 as if fully stated herein.

19.    As required by 16 D.C.M.R. §800.1, Defendants were not licensed by the District of Columbia as home improvement contractors or licensed salespersons employed by a DC licensed contractor at the time the Contract was executed and progress payments were received.

20.    The Defendants acted as home improvement contractors at all relevant times.

21.    Defendants requested and collected from the Plaintiff Seventy-four Thousand Dollars and Zero Cents ($74,000.00) towards the Contract Amount for home improvements.

22.    The agreed upon home improvements were not completed when Defendants requested and received Seventy-four Thousand Dollars and Zero Cents ($74,000.00) from the Plaintiff.

23.    By requiring and accepting payments for the home improvement Contract in advance of the full completion of all work under the Contract, Defendants violated 16 D.C.M.R. 800.1.

24.    Because of Defendants' violation of the licensing regulations, the Contract is void and the Defendant must disgorge all funds previously paid by Plaintiff under the Contract.

25.    Plaintiff requests that the Court enter judgment against Defendants in the amount of Seventy-four Thousand Dollars and Zero Cents ($74,000.00,) plus attorney's fees, costs and interest from the date of judgment.

## COUNT II
## VIOLATION OF D.C. CODE ANN. § 28-3901, et seq. (2001) (CONSUMER PROTECTION).

26.    Plaintiff incorporates paragraphs 1 through 25 as if fully stated herein.

4

27.    At the time of executing the Contract, Defendants represented to Plaintiff, that the renovations would be performed pursuant to all local and District of Columbia requirements for health permits, building permits, inspections and zoning.

28.    The renovations as performed by Defendants were not performed pursuant to the applicable local requirements under 16 D.C. M. R. 800.1.

29.    At the time of executing the Contract, Defendants implied by its written representations to Plaintiff that they were legally authorized in the District of Columbia to perform and complete the home improvement work.

30.    Defendants were not, and to the best of Plaintiff's information and knowledge, currently are not, licensed in the District of Columbia as home improvement contractors.

31.    Such representations by Defendants were an unfair trade practice under D.C. Code Section 28-3904 (2001).

32.    Plaintiff has suffered damages as a result of the unfair trade practice in an amount to be determined at trial plus $ 1,000.00 for each violation and attorneys fees.

## COUNT III
## NEGLIGENT MISREPRESENTATION

33.    The Plaintiff incorporates by reference numbered paragraphs 1 to 32 as if fully stated herein.

34.    Defendants negligently represented to the Plaintiff that Defendants were qualified to and capable of performing work for which the Plaintiff contracted.

35.    In actual fact, Defendants were not qualified to and capable of performing work for which the Plaintiff contracted.

5

36.    As a direct result of the negligence, the Plaintiff suffered financial loss for which recovery is demanded.

## COUNT IV
## BREACH OF CONTRACT

37.    The Plaintiff incorporates by reference numbered paragraphs 1 to 36 as if fully stated herein.

38.    Defendants breached the terms of the Contract with the Plaintiff by failing to perform the services promised, in a timely manner, or at all.

39.    As a result of the Defendants' breach of contract, Plaintiff has suffered damages, including consequential damages  for which recovery is demanded.


WHEREFORE: the Plaintiff request;

a    damages for the breach of contract;

b    disgorgement of all monies collected from the Plaintiff, $74,000.00;

c    for claims under the D.C. Consumer Protection Act and as authorized by D.C. Code Ann. §28-3905(k)(1), 28-3905(k)(2), $ 1,000.00 per violation;

d    treble damages payable to the Plaintiff as remedial, non-punitive compensation and encouragement for private enforcement of the CPPA, §28-3905;

e    attorney's fees pursuant to the CPPA in an amount to be determined; and

f      such other relief as the court may determine to be just.

Respectfully Submitted,

KASS, MITEK & KASS, PLLC

By: _____
      Benny L. Kass, #025155
      Theresa L. Lewis, #456346
      1050 17th Street, NW
      Suite 1100
      Washington, DC 20036
      202-659-6500

7

## VERIFICATION

Katarina Vilkman, being first duly sworn on oath, says the foregoing Complaint presents a just and true statement of the facts and sets forth the correct amount owed to Plaintiff by Defendants in the instant action.

*Katarina Vilk*

Katarina Vilkman

Subscribed and sworn to before me this

10th of May, 2007.

*Nicole S. Brown*

Notary Public

My Commission Expires:

NICOLE S. BROWN
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires July 31, 2011

F:\WP_FILES\CLIENTS\07151.100\Complaint Vilkman.wpd

8

M
07-0988
DSH

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Katarina Vilkman | V4, Inc., Gary Voelker & Jennifer Voelker |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    DC    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

Case: 1:07-cv-00988
Assigned To : Huvelle, Ellen S.
Assign. Date : 05/30/2007
Description: CONTRACT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Benny L. Kass
Theresa L. Lewis
Kass, Mitek & Kass
1050 Seventeenth Street, NW, Suite 1100
Washington, DC 20036

1666 K Street, NW, Suite 500
Washington, DC 20006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

◉ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

○

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ◉ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☒ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1441(b)-Removal of state court action on diversity jurisdiction: State law action is based upon state law licensing and contract claims

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** Excess of $75,000 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐   NO ☐ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  5-29-07   SIGNATURE OF ATTORNEY OF RECORD _____

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.