UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATARINA VILKMAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>V4, INC., et al. )<br>)<br>Defendants. ) | Civil Action 07-CV-00988 (ESH) |

## DEFENDANTS' ANSWER TO COMPLAINT

Come now the Defendants, V4, Inc ("V4"), Gary E. Voelker ("Gary Voelker") and Jennifer L. Voelker ("Jennifer Voelker") (Defendants Gary Voelker and Jennifer Voelker will hereinafter be collectively referred to as the "Voelker Defendants"), by and through undersigned counsel, and file this response to the Plaintiff's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

In response to the numbered paragraphs of the Complaint, Defendants respond as follows:

1. The jurisdictional statement contained in Paragraph 1 of the Complaint does not require an answer. Nonetheless, Defendants respond as follows: Defendants deny the Plaintiffs allegations pertaining to D.C. Code section 13-423(a)(1), (2) and (3). The Voelker Defendants deny the allegations with regard to D.C. Code section 28-3905(i)(3)(B). Defendant, V4, admits that jurisdiction, if any, is pursuant to D.C. Code section 28-3905(i)(3)(B) but denies that this

Court currently has jurisdiction over the claims against it pursuant to D.C. Code section 28-3905(i)(3)(B).

2. The Voelker Defendants and Defendant, V4, have insufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Complaint, and, therefore, must deny those allegations.

3. The Defendant, V4, admits the allegations contained in the first sentence of paragraph 3 of the Complaint. The Defendant, V4, denies the allegations contained in the second sentence of paragraph 3 of the Complaint. Paragraph 3 of the Complaint does not require a response from the Voelker Defendants. Nonetheless, the Voelker Defendants deny the allegations of this paragraph of the Complaint to the extent they are directed at them.

4. The Defendant, Jennifer Voelker, denies the allegations contained in paragraph 4 of the Complaint. Paragraph 4 of the Complaint does not require a response from Defendants Gary Voelker or V4. Nonetheless, Defendants, Gary Voelker and V4, deny the allegations of this paragraph of the Complaint to the extent they are directed at them.

5. The Defendant, Gary Voelker, denies the allegations contained in paragraph 4 of the Complaint. Paragraph 5 of the Complaint does not require a response from Defendants Jennifer Voelker or V4. Nonetheless, Defendants, Jennifer Voelker and V4, deny the allegations of this paragraph of the Complaint to the extent they are directed at them.

6. The Defendant, Jennifer Voelker, admits the allegations contained in the first sentence of paragraph 6 of the Complaint. Jennifer Voelker denies the remaining allegations contained in paragraph 6 of the Complaint. Paragraph 6 of the Complaint does not require a response from Defendants Gary Voelker or V4. Nonetheless, Defendants, Gary Voelker and

V4, deny the allegations of this paragraph of the Complaint to the extent they are directed at them.

7. The Defendant, Gary Voelker, admits the allegations contained in the first sentence of paragraph 7 of the Complaint. Gary Voelker denies the remaining allegations contained in paragraph 7 of the Complaint. Paragraph 7 of the Complaint does not require a response from Defendants Jennifer Voelker or V4. Nonetheless, Defendants, Jennifer Voelker and V4, deny the allegations of this paragraph of the Complaint to the extent they are directed at them.

8. With respect to the allegations contained in paragraph 8 of the Complaint, the Defendant, V4, admits that it executed a contract with the Plaintiff on or about September 9, 2006. V4 denies the remaining allegations contained paragraph 8 as the document speaks for itself. Paragraph 8 of the Complaint does not require a response from the Voelker Defendants. Nonetheless, the Voelker Defendants deny the allegations of this paragraph of the Complaint to the extent they are directed at them.

9. The Voelker Defendants and Defendant, V4, have insufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint, and, therefore, must deny those allegations.

10. With respect to the allegations contained in paragraph 10 of the Complaint, the Voelker Defendants and Defendant, V4, admit that V4 executed a contract with the Plaintiff, however, the Voelker Defendants and Defendant, V4, cannot admit or deny that Exhibit A is the purported contract because no Exhibit A was attached to the Complaint. The Voelker Defendants and Defendant, V4, deny the remaining allegations contained paragraph 10 of the Complaint as the document speaks for itself.

11. Defendant, V4, denies the allegations contained paragraph 11 of the Complaint as the document speaks for itself. The Voelker Defendants are not parties to the contract and did not have any agreement or other contractual relation with or obligation to Plaintiff. The contract is clear on its face, speaks for itself and pursuant to its terms, only V4 and Plaintiff are parties to the contact and is therefore binding only upon V4 and Plaintiff. Accordingly, the Voelker Defendants deny the allegations of paragraph 11 as it relates to them.

12. With respect to the allegation contained in paragraph 12 of the Complaint, the Voelker Defendants and Defendant, V4, state that the contract speaks for itself, and that on the face of the contract, the Voelker Defendants and Defendant, V4, admit that Plaintiff is obligated to pay V4 the amount of $85,269.

13. With respect to the allegation contained in paragraph 13 of the Complaint, the Voelker Defendants and Defendant, V4, respond that the contract speaks for itself, and deny Plaintiff's subjective characterizations of the terms of the contract and otherwise deny the remaining allegation of this paragraph of the Complaint.

14. With respect to the allegations contained in paragraph 14 of the Complaint, the Voelker Defendants and Defendant, V4, admit that Plaintiff paid V4 the sum of $25,000, but deny the remaining allegations contained in paragraph 14 of the Complaint and demand strict proof thereof.

15. With respect to the allegations contained in paragraph 15 of the Complaint, the Voelker Defendants and Defendant, V4, deny that Defendant Gary Voelker and Jennifer Voelker were principals of V4. Defendant, Gary Voelker, admits that he is a stockholder in Defendant, V4. Defendant V4 admits that it did not have a so-called "home improvement contractor" license at the time the contract was executed between itself and Plaintiff.

Defendants deny the remaining allegations contained in paragraph 15 of the Complaint and demand strict proof thereof.

16. With respect to the allegations contained in paragraph 16 of the Complaint, Defendant, V4, states that this paragraph is compound and confusing, for which V4 is not able to either admit or deny, therefore, V4 denies the allegations in this paragraph. V4 further responds to this allegation that the contract speaks for itself, including when work was to have commenced pursuant to the contract. The allegations contained in paragraph 16 of the Complaint do not require a response from the Voelker Defendants, however, to the extent one is required, the Voelker Defendants deny the allegations contained in this paragraph of the Complaint.

17. With respect to the allegations contained in paragraph 17 of the Complaint, Defendant, V4, states that it received $74,000 from Plaintiff, but denies the remaining allegations contained in this paragraph. The allegations contained in paragraph 17 of the Complaint do not require a response from the Voelker Defendants however, to the extent one is required, the Voelker Defendants deny the allegations contained in this paragraph of the Complaint.

18. The incorporation statement in paragraph 18 of the Complaint does not require an answer. Nevertheless, Defendants reassert and incorporate herein their responses to the allegations contained in paragraphs 1-17 of the Complaint as though fully set forth herein.

19. The Voelker Defendants deny they are required to obtain a license pursuant to 19 D.C.M.R. § 800.1 and, therefore, deny the allegations contained in paragraph 19 with respect to the Voelker Defendants. V4 admits that it did not have a so-called "home improvement

contractor license" at the time the contract was executed with Plaintiff, but denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     The Defendant, V4, states that it is in engaged in the business of general contracting and that an agreement for contracting services exists between itself and Plaintiff. However, the allegation that V4 "acted as" a home improvement contractor is vague and ambiguous and not capable of a response. Nonetheless, Defendant, V4, denies the remaining allegations contained in paragraph 20. The Voelker Defendants deny the allegations of paragraph 20 of the Complaint and demand strict proof thereof.

21.     Defendant, V4, admits that Plaintiff paid V4 $74,000 of the $85,269 contract amount that Plaintiff was required to pay pursuant to the terms of the contract. V4 denies the remaining allegations contained in paragraph 21 of the Complaint. The Voelker Defendants deny the allegations contained in paragraph 21 and demand strict proof thereof.

22.     The Voelker Defendants deny they individually requested or received $74,000 from the Plaintiff. V4 admits it received from the Plaintiff the partial contract sum of $74,000 out of the $85,269 contract amount the Plaintiff is required to pay, but denies the remaining allegations contained in paragraph 22 and demands strict proof thereof. The Voelker Defendants deny the allegations contained in paragraph 22 and demand strict proof thereof.

23.     The Voelker Defendants deny they required or accepted payments from Plaintiff and deny the remaining allegations contained in paragraph 23 of the Complaint. Defendant, V4, admits it received $74,000 out of the $85,269 contract amount from the Plaintiff but denies the remaining allegations contained in paragraph 23 and demands strict proof thereof.

24. The legal conclusions contained in paragraph 24 of the Complaint do not require a response. Nevertheless, the Defendants deny the allegations contained in paragraph 24 of the Complaint and demand strict proof thereof.

25. The allegations contained in paragraph 25 of the Complaint do not require a response. Nevertheless, Defendants deny the allegations contained in this paragraph of the Complaint.

26. The incorporation statement in paragraph 26 of the Complaint does not require an answer. Nevertheless, Defendants reassert and incorporate herein their responses to the allegations contained in paragraphs 1-25 of the Complaint as though fully set forth herein.

27. As to the allegations contained in paragraph 27 of the Complaint, Defendants respond as follows: To the extent the allegations are directed at Defendant, Gary Voelker, Gary Voelker denies the allegations contained in this paragraph of the Complaint and demands strict proof thereof. Defendant, Jennifer Voelker, admits she signed the contract between V4 and Plaintiff as an employee of V4, but denies the remaining allegations contained in this paragraph of the Complaint and demands strict proof thereof. V4 admits that it is a party to a contract with the Plaintiff, but that the contract speaks for itself and denies the specific characterization and scope of the representations and, therefore, denies the remaining allegations contained in this paragraph of the Complaint and demand strict proof thereof.

28. Defendant, Gary Voelker, did not perform any renovations on or at Plaintiff's residence, thus, was not required to be licensed pursuant to 16 D.C.M.R. 800.1, and therefore, denies the allegations contained in paragraph 28 of the Complaint. Defendant, Jennifer Voelker, was at all relevant times an employee of V4 and did not, on her own behalf, perform any renovations on the subject property, that any labor expended by Jennifer Voelker on

Plaintiff's residence was in the capacity as an employee of V4 and, thus, Jennifer Voelker was not subject to or required to be licensed pursuant to 16 D.C.M.R. 800.1, and therefore, denies the allegations contained in paragraph 28 of the Complaint. The Defendant, V4, admits that it is in engaged in the business of general contracting and that an agreement for contracting services exists between itself and Plaintiff, but denies the remaining allegations contained in this paragraph of the Complaint.

29. The Voelker Defendants are not parties to the subject contract between V4 and Plaintiff, and, therefore, deny the allegations contained in paragraph 29 of the Complaint. V4 admits that it executed a contract with the Plaintiff, that the contract speaks for itself, including any representations contained therein, and, therefore, denies the remaining allegations contained in this paragraph of the Complaint.

30. Defendant, Gary Voelker, does not perform any services in the District of Columbia and, therefore, is not required to be licensed by the District of Columbia. Defendant, Jennifer Voelker, at all relevant times was an employee of V4 and any labor expended by Jennifer Voelker were strictly limited in her capacity as an employee of V4, and, as such, was not required to have the subject license or otherwise be licensed by the District of Columbia. Defendant, V4, did not possess a so-called "home improvement license" at the time V4 entered into a contract with Plaintiff. V4 has been granted an unrestricted "home improvement license" by the District of Columbia, which license is currently in good standing. Defendants deny the remaining allegations of this paragraph of the Complaint.

31. The legal conclusions stated in paragraph 31 of the Complaint do not require an answer. Nevertheless, the Defendants deny the allegations contained therein.

32. The Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     The incorporation statement in paragraph 33 of the Complaint does not require an answer. Nevertheless, Defendants reassert and incorporate herein their responses to the allegations contained in paragraphs 1-32 of the Complaint as though fully set forth herein.

34.     The Voelker Defendants deny that any representation were made to Plaintiff, deny they have a contract with or are a party to any contract in which Plaintiff is a part and deny the remaining allegations contained in paragraph 34 of the Complaint. Defendant, V4, admits that it entered into a contract with Plaintiff, that any representations contained in the contract speak for themselves and denies the remaining allegations contained in this paragraph of the Complaint.

35.     The Voelker Defendants deny that they individually entered into or are a party to a contract with the Plaintiff and deny the remaining allegations contained in paragraph 35 of the Complaint. Defendant, V4, admits that it entered into a contract with Plaintiff, that it was and is capable and qualified of performing the work for which it contracted with Plaintiff, performed said work in a reasonable and workman like manner and otherwise in accordance to the terms and conditions of the contract, including the requirements of Article 5 of the contract. Defendant, V4, denies the remaining allegations contained in this paragraph of the Complaint.

36.     The legal conclusions stated in paragraph 36 of the Complaint do not require an answer. Nevertheless, the Defendants deny the allegations contained therein.

37.     The incorporation statement in paragraph 37 of the Complaint does not require an answer. Nevertheless, Defendants reassert and incorporate herein their responses to the allegations contained in paragraphs 1-36 of the Complaint as though fully set forth herein..

38.     The Voelker Defendants deny that they individually entered into or are a party to a contract with the Plaintiff. Furthermore, any labor expended by Defendant, Jennifer Voelker,

were performed in, and therefore limited in, her capacity as an employee of Defendant, V4. The Voelker Defendants deny the remaining allegations contained in paragraph 38 of the Complaint. Defendant, V4, admits that it entered into a contract with Plaintiff and that all services were performed in a timely manner and in a reasonable and workman like manner and otherwise in accordance to the terms and conditions of the contract, including the requirements of Article 5 of the contract. Defendant, V4, denies the remaining allegations contained in this paragraph of the Complaint.

39. The legal conclusions stated in paragraph 39 of the Complaint do not require an answer. Nevertheless, the Defendants deny the allegations contained therein.

### Second Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Third Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Defense

Plaintiff's claims are barred in that any damages Plaintiff has suffered are the direct and proximate result of her own actions or actions of third parties and not the actions of the Defendants.

### Fifth Defense

Defendant, V4, is entitled to an offset of any damages claimed by Plaintiff.

### Sixth Defense

Plaintiff's claims are barred on account of Plaintiff's fraud and misconduct.

### Seventh Defense

Plaintiff's claims are barred by the doctrine of waiver.

## Eighth Defense

Plaintiff's claims are barred by the terms of its contractual relationship with Defendant, V4.

## Ninth Defense

Plaintiff's claims are premature and not ripe for adjudication by this Court in that Plaintiff's administrative complaint has not been adjudicated.

## Tenth Defense

Defendant, V4, is entitled to offset of the amounts Plaintiff owes Defendant, V4, pursuant to the terms of the contract and amendments and change orders thereto.

WHEREFORE, Defendants respectfully requests that this Court dismiss the Complaint against them and award them costs in defending this suit, including reasonable attorneys' fees, and such other relief as this Court deems proper and just.

Respectfully submitted,

_____/s/ James P. Ryan_____
James P. Ryan
D.C. Bar # 491295
O'Connor & Hannan, LLP
1666 K Street, N.W.
Suite 500
Washington, D.C. 20006
Phone: (202) 887-1400

Attorney for Defendants

## CERTIFICATE OF SERVICE

      I here by certify that a copy of the foregoing Defendants' Answer to Complaint has been sent via first class postage prepaid mail to the following this 6th day of June 2007.

Benny L. Kass
Theresa L. Lewis
Kass, Mitek & Kass, P.L.L.C.
1050 17th Street, N.W.
Suite 1100
Washington, D.C. 20036

                                                         /s/ James P. Ryan
                                                    James P. Ryan

149258_1.DOC