UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATARINA VILKMAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>V4, INC., et al. )<br>)<br>Defendants. ) | Civil Action 1:07-cv-00988 |

## DEFENDANTS' STATEMENT OF
## THE CASE AND STATUTORY AUTHORITY

The Defendants, V4, Inc., Gary Voelker and Jennifer Voelker, by their undersigned counsel, and pursuant to this Court's Order Setting Initial Scheduling Conference, hereby file their Statement of the Case and Statutory Authority

### Statutory Basis For All Causes Of Action And Defenses

Subject matter jurisdiction for this case is based on 28 U.S.C. § 1332(a). Plaintiff, Katarina Vilkman's (hereinafter "Plaintiff") causes of action and Defendants' defenses to such causes of action are governed by state law as set forth in Plaintiff's Complaint. The contract at issue in this action and the alleged violation by one or more Defendants of the statutes and regulations identified in the Complaint are state law statutes and regulations. Any adjudication therein, including the issue of the individual Defendants' personal liability, is governed by applicable state law.

### Statement of the Case

Defendant, V4, is a Virginia corporation, validly registered, and at all times pertinent hereto, has been in good standing under the laws of the Commonwealth of Virginia. V4 is a general contractor and, through its president, Gary Voelker, holds a Class A Builder's License in

the Commonwealth of Virginia.  V4 is in the business of constructing and remodeling residential real property.  Defendant, Gary Voelker, has for all times pertinent hereto been a director and the president of V4.  Defendant, Jennifer Voelker, has for all times pertinent hereto been a director of V4.  During a certain period of time pertinent to the matters in this action, Jennifer Voelker was an employee of V4.  During the period of time pertinent to the matters in this action, Jennifer Voelker was never an officer of V4 nor did she exercise any control over or represent V4 in any capacity other her duties as a director and employee of V4.

On or about September 9, 2007, V4 entered into a contract (the "Contract") with Plaintiff to perform certain renovations on Plaintiff's residential real property.  The Contract price was approximately $85,000, which increased to approximately $95,000 with change orders.  The Contract was signed by Defendant, Jennifer Voelker, in her capacity as an employee of V4.  Jennifer Voelker was the project manager for the project involving the work to be performed pursuant to and specified by the Contract.

Prior to commencing the work on Plaintiff's residence, Defendant, V4, through its agent, Defendant, Jennifer Voelker, inquired of the relevant officials and agencies in the District of Columbia, including the Department of Consumer and Regulatory Affairs ("DCRA") as to what measures were necessary for V4 to undertake in order for V4 to validly and lawfully conduct business as a contractor in the District of Columbia.  In reliance upon the information provided by the District of Columbia's DCRA, V4 took all steps that to its knowledge were required of it, including registration as a foreign entity authorized to do business in the District of Columbia.

The Contract specifically required V4 to remodel a 2nd floor bathroom and adjacent rooms according to the specifications set forth in the Contract.  V4 completed the work required of it pursuant to the Contact in a timely manner.  On or about February 21, 2007, Defendant,

2

Jennifer Voelker, on behalf of Defendant, V4, met with Plaintiff for purposes of preparing a punch list identifying final matters to be addressed in the walk-through. At that meeting Defendant, V4 was provided a punch list by Plaintiff and a third-party witness. On February 22, 2007, V4 provided Plaintiff with its response to the punch list issues.

On or about the same date that Plaintiff provided V4 with her punch list, Plaintiff terminated the Contract with V4. Further, Plaintiff prohibited V4 from re-entering Plaintiff's property and refused to permit V4 to address or remedy the punch list items. At the time Plaintiff terminated the Contract, Plaintiff owed V4 approximately $20,000. All funds paid to V4 from Plaintiff were spent on materials for and utilized on the project or paid to the various sub-contractors utilized by V4 in performing the work on Plaintiff's residence.

Also, on or about the time Plaintiff terminated the Contract, Plaintiff informed Defendant, V4, that V4 was required to have a home improvement license in the District of Columbia, and that as a result of the fact that V4 did not possess such a license, Plaintiff considered the Contract void and refused to pay the approximately $20,000 remaining due to V4 pursuant to the Contract.

V4 has fully performed under its Contract with Plaintiff and any failure to perform its obligations under the Contract are the result of Plaintiff's refusal to allow V4 to address and remedy punch list items.

Dated: July 25, 2007				Respectfully submitted,

					_____/s/_____
					James P. Ryan (D.C. Bar No. 491259)
					1666 K Street, NW, Suite 500
					Washington, DC  20006
					(202) 887-1400

3